NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY CASTON-GOODJOHN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7107

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1190, Judge Ronald M. Holdaway.

---

**ON MOTION**

---

**ORDER**

Before LINN, DYK, AND PROST, *Circuit Judges.*

PER CURIAM.

The Secretary of Veterans Affairs moves to summarily affirm the judgment of the United States Court of Appeals for Veterans Claims denying Mary Caston-Goodjohn

entitlement to recognition as a "surviving spouse" under 38 U.S.C. § 1310(a). Caston-Goodjohn opposes.

Pursuant to § 1310(a), a veteran's surviving spouse is eligible for benefits when a veteran dies from a service-connected or compensable disability. Caston-Goodjohn sought entitlement to such benefits based on her prior marriage to veteran Floyd Goodjohn who she divorced in 1977 and who died in 2006. The Board of Veteran's Affairs denied her claim on the grounds that she was not married to Goodjohn at the time of his death and therefore could not constitute a "surviving spouse."

The Court of Appeals for Veterans Claims sustained the Board's determination, and we agree with the Secretary that it was so clearly correct as to warrant summary affirmance. Section 103(3) of title 38 defines "surviving spouse" as "a person of the opposite sex who was the spouse of the veteran at the time of the veteran's death, and who lived with the veteran continuously from the date of marriage to the date of the veteran's death (except where there was a separation that was due to the misconduct of, or procured by, the veteran without the fault of the spouse)."

Under the plain language of the statute, to be a "surviving spouse" requires that the person seeking benefits be "the spouse of a veteran at the time of the veteran's death," which the appellant here was not. We therefore grant the motion.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The judgment is summarily affirmed.

(2) Each side shall bear their own costs.

FOR THE COURT

**OCT 2 7 2010**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Mary Caston-Goodjohn
     Jane C. Dempsey, Esq.

s19

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**OCT 2 7 2010**

**JAN HORBALY**
**CLERK**